UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA SUMMERS,

       Plaintiff,                        CIV. NO. 13-10147

      v.                                HON. TERRENCE G. BERG

MERCHANTS & MEDICAL CREDIT     HON. MARK A. RANDON
CORP.,

       Defendant.
_____/

**OPINION AND ORDER DENYING IN PART AND GRANTING
IN PART DEFENDANT'S MOTION TO DISMISS (DKT. 8)**

**I.    INTRODUCTION**

Amanda Summers ("Plaintiff") brings this lawsuit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), MCL § 339.901 *et seq*[1] claiming that Merchants & Medical Credit Corp. ("Defendant"), a collection agency, engaged in unfair debt collection practices when communicating with her to collect the debt she owed to Hurley Medical Center.  Defendant has moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6)(Dkt. 8); Plaintiff has responded (Dkt. 9); and the Court held oral argument on the motion on April 8, 2013.

---

[1] Plaintiff's Complaint also contained a claim under the Michigan Collections Practices Act ("MCPA"), MCL § 445.251 *et seq.*  (Dkt. 1; Count III).  However, in response to Defendant's motion to dismiss, Plaintiff stipulated to dismiss this claim (Dkt. 9 at 1).  Accordingly, the Court will grant Defendant's motion to dismiss with respect to this claim and dismiss it with prejudice.

1

For the reasons set forth below, Defendant's motion to dismiss is **DENIED IN PART** and **GRANTED IN PART**. Plaintiff's claim under the MCPA is hereby dismissed, with prejudice. However, Defendant's motion to dismiss is denied as to Plaintiff's FDCPA and MOC claims, and those claims may proceed to discovery. Furthermore, Plaintiff is **ORDERED** to file an Amended Complaint, and must do so within **fourteen (14) days** of the date of this Order.

## II. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint which, for purposes of Defendant's motion to dismiss, are assumed to be true and are viewed in a light most favorable to Plaintiff.

This lawsuit arises out of two telephone conversations between Plaintiff and Kara Gilmore, a representative of Defendant (Dkt. 1 ¶¶ 7, 10). On or about December 7, 2012, Ms. Gilmore called Plaintiff to attempt to collect a $1,600 debt that Plaintiff allegedly owed to Hurley Medical Center (Dkt. 1 ¶¶ 6, 7). During this initial conversation, Ms. Gilmore accused Plaintiff of "not [being] honest" and specifically accused Plaintiff of "lying" about not working as a massage therapist (Dkt. 1 ¶ 8). Ms. Gilmore pressed Plaintiff to borrow money from family members to pay off the $1,600 debt, and told Plaintiff to "go to the bank and get a credit card" (Dkt. 1 ¶ 9). After Plaintiff responded that she did not have any credit cards, Ms. Gilmore replied that Plaintiff had until 3:00 p.m. to get a credit card; Ms. Gilmore then stated "I'm going to have to turn this over to my client's attorney. You know what that means, don't you?" (Dkt. 1 ¶ 9). Plaintiff then stated "[t]hat means you

are going to sue me?" to which Ms. Gilmore replied "[n]o, I'm going to send this to my client's attorney and they will decide" (Dkt. 1 ¶ 9).

Ms. Gilmore called Plaintiff again on December 10, 2012, and said "[y]ou have a credit card number for me?" (Dkt. 1 ¶ 10). Plaintiff responded that she did not. *Id*. Plaintiff then explained that she made a payment arrangement with Hurley Medical Center (the original creditor), of $10 per month. *Id*. To this, Ms. Gilmore said "[t]hat is not acceptable. You pay us and we pay Hurley." *Id*. Plaintiff then told Ms. Gilmore that she had a confirmation number (apparently from Hurley), to which Ms. Gilmore said "[y]ou have not been honest with me. You have been working for New Beginnings Trade Fair." *Id*. Plaintiff responded by saying, "No, my first day was Saturday." *Id*. Ms. Gilmore next asked Plaintiff how much money she made, to which Plaintiff responded, "I paid Hurley $10.00." *Id*. Ms. Gilmore asked Plaintiff again how much money Plaintiff made and Plaintiff responded that she had a confirmation number and receipt. Ms. Gilmore replied, "That means nothing to me. I am going to give you until 8:00 p.m. tonight and you are going to call back with a credit card number." *Id*. Ms. Gilmore then said, "If you don't call me by 8:00 p.m. tonight, I am going to turn this over to my client's attorney. Do you know what that means?" *Id*. Plaintiff said, "Yep." *Id*. Ms. Gilmore repeated, "You have until 8:00 p.m. tonight." *Id*. Ms. Gilmore identified herself as a debt collector from Merchants & Medical and then hung up the phone. *Id*.

Plaintiff further alleges that – as of the date she filed the Complaint in this case – she had "not received anything in writing from Defendant" nor had she "received any lawsuit regarding this alleged debt" (Dkt. 1 ¶¶ 11, 12).

### III. ANALYSIS

#### A. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the Court reviews the Complaint in the light most favorable to the plaintiff. *See Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the Complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

#### B. The FDCPA and MOC

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

consistent State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e). In determining whether conduct violates the FDCPA, courts employ an objective test based on the least sophisticated consumer; the least sophisticated consumer test requires the court to consider "whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). Under this test, the truth of a statement is not always a defense because a statement may be misleading despite the truth of it. *Id*.

The MOC largely mirrors the prohibitions contained in the FDCPA. In particular, MCL § 339.915 prohibits:

> (a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or the stationery of a credit bureau unless it is disclosed that it is the collection department of the credit bureau.
>
> \*\*\*
>
> (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.
>
> (f) Misrepresenting in a communication with a debtor any of the following:
>
> (i) The legal status of a legal action being taken or threatened.
>
> \*\*\*
>
> (n) Using a harassing, oppressive, or abusive method to collect a debt…
>
> \*\*\*

(*o*) Using profane or obscene language.

\*\*\*

Plaintiff's Complaint does not identify which specific sections of the FDCPA or the MOC Defendant allegedly violated. However, from Plaintiff's response brief, it appears that Plaintiff is alleging violations of §§ 1692d, 1692e and 1693g of the FDCPA and of § 915 of the MOC. The Court will proceed accordingly:

### 1) Harassment or Abuse -- § 1692d

The FDCPA prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This provision of the FDCPA lists nonexclusive examples of the type of conduct prohibited by the Act as follows: (1) the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person; (2) the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; (3) the publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency; (4) the advertisement for sale of any debt to coerce payment of the debt; (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and (6) the placement of telephone calls without meaningful disclosure of the caller's identity. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329-30 (6th Cir. 2006). The Sixth Circuit Court of Appeals has determined that, "although the question of whether conduct harasses, oppresses, or abuses will

6

[ordinarily] be a question for the jury,…. Congress has indicated its desire for the courts to structure the confines of § 1692d." *Id.* at 330.

Plaintiff argues in her response to Defendant's motion to dismiss that Ms. Gilmore's accusation that Plaintiff is "lying" states a valid claim under § 1692d. In support of this argument, Plaintiff cites *Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985). That case, however, did not directly address whether a debt-collector's calling someone a "liar" was enough – standing alone – to state a valid claim under § 1692d. In fact, *Jeter* affirmed the District Court's dismissal of a claim under § 1692d, finding that in order to prevail on a claim under that section, the harassment must be "at least akin to profanity or obscenity. Such offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene or profane remarks." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985).

Federal District Courts appear split on whether merely calling someone a "liar" gives rise to a valid claim under § 1692d. *See Chiverton v. Fed. Fin. Group, Inc.*, 399 F. Supp. 2d 96, 101 (D. Conn. 2005) (the "defendant violated § 1692d(2) by calling [the plaintiff] a 'liar.'"); *Moore v. Firstsource Advantage, LLC*, 07-CV-770, 2011 WL 4345703 *14 (W.D.N.Y. Sept. 15, 2011) ("The use of abusive language by a debt collector, including calling a debtor a 'liar,' can constitute harassment in violation of the FDCPA"); *but see, Smith v. Accounts Research, Inc.*, 3:10-CV-213, 2012 WL 289835 *5-6 (E.D. Tenn. Jan. 31, 2012) (merely calling a debtor a "liar"

7

does not demonstrate harassing, abusive, or oppressive conduct in connection with a debt).

Because some courts have found that calling a debtor a "liar" could make out a claim for harassment under § 1692d, the Court finds the Complaint sufficiently plausible, at this preliminary stage of the litigation, to state a valid claim for relief under that provision. Likewise, Plaintiff has stated a valid claim of harassment or abuse under § 915 of the MOC. Plaintiff may undertake discovery on these claims to attempt to establish that Defendant's conduct was harassing or abusive. Defendant's motion to dismiss is denied as to claims arising under § 1692d.

### 2) False or Misleading Representations -- § 1692e

Under § 1692e of the FDCPA, "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This section contains a non-exhaustive list of examples of prohibited false and misleading representations, including "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). In order to establish a violation of § 1692e(5), the plaintiff must demonstrate two things: (i) threatened action, (ii) which was not intended to be taken. *See Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 63 (2nd Cir. 1993); *Tsenes v. Trans–Continental Credit & Collection Corp.,* 892 F.Supp. 461, 465 (E.D.N.Y.1995). "To determine whether a communication from a debt collector constitutes a threat, the reviewing court should look to the language used as a whole." *Baptist v. Global Holding and Investment Co., LLC,* No. 04–CV–2365, 2007

WL 1989450 *2 (E.D.N.Y. July 9, 2007) (citing *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 25–26 (2nd Cir. 1989)). "Examples of conduct that other courts of appeals have deemed deceptive include impersonating a public official, falsely representing that unpaid debts will be referred to an attorney, and misrepresenting the amount of the debt owed." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 (6th Cir. 2006) (citations omitted).

Plaintiff claims that Defendant violated § 1692e by engaging in two courses of conduct that were allegedly false and misleading. First, the Complaint alleges that Defendant told Plaintiff that her alleged settlement of the debt with the original creditor was "not acceptable." If, as Plaintiff claims, Defendant's statement can be taken to mean that Plaintiff could not settle directly with the original creditor – and if that statement is untrue – this could be a "false representation or deceptive means to collect or attempt to collect any debt" under § 1692e(10). Considering this statement from the perspective of the "unsophisticated consumer," it is plausible that the statement "that is unacceptable" could be understood to be a declaration that it was impermissible for the debtor to make arrangements to pay Hurley Hospital directly. Because the hospital was in fact the creditor, it is not implausible that such a statement could be misleading to the debtor.

Second, Plaintiff alleges that Defendant threatened to refer this debt to an attorney, when Defendant had no intention of ever sending the debt to an attorney. In support of this contention, Plaintiff points to her allegation that she "has not received any lawsuit regarding this alleged debt" (Compl.; Dkt. 1 ¶ 12). Since she

was never sued, Plaintiff infers that Defendant never actually referred this debt to an attorney and never intended to do so, despite Ms. Gilmore's threat to refer this debt for legal action.  Furthermore, Plaintiff points out that Ms. Gilmore threatened on December 7, 2012 to refer this debt to an attorney unless Plaintiff obtained a credit card *by 3:00 p.m. on that day*, but then threatened again on December 10, 2012 to refer this debt to an attorney, if Plaintiff didn't obtain a credit card *by 8:00 p.m. on this later day.*  Viewing this allegation in a light most favorable to Plaintiff, the genuineness of Ms. Gilmore's intention to refer the debt to an attorney on December 7, 2012 (if Plaintiff did not obtain a credit card by 3:00 p.m.) could be called into question because Ms. Gilmore apparently did not follow-through on this threat on that day and, instead, reiterated the same threat on December 10, 2012.

At this preliminary stage of the litigation, Plaintiff's allegations are sufficient to state a plausible claim under § 1692e against Defendant.  Likewise, Plaintiff has stated a valid claim of false and misleading practices under § 915 of the MOC.  Plaintiff may take discovery, and attempt to establish that it was false, deceptive, or misleading for Defendant to tell Plaintiff that her alleged settlement with the original creditor was "not acceptable" and that Defendant threatened to refer the debt at issue to a lawyer when, in fact, Defendant had no intention of doing so.  As such, Defendant's motion to dismiss is denied as to these claims.

### 3) Written Notice Requirement -- § 1692g

Finally, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692g(a) by not sending her – within five days of the initial communication between Plaintiff and Ms. Gilmore – a written notice containing:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). In order to comply with § 1692g(a), a debt collector "must 'effectively convey' the notice to the debtor." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999).

Plaintiff alleges that that she "has not received anything in writing from Defendant" (Compl.; Dkt. 1 ¶ 11) and that, by extension, it is reasonable to infer that Defendant never sent the notice required by § 1692g. Defendant argues in its motion to dismiss that the FDCPA does not require that Plaintiff actually *receive* the notice, rather only that Defendant *send* the notice. Thus, Defendant contends that Plaintiff's bare allegation that she did not "receive" any written notice from Defendant is insufficient to state a claim under § 1692g(a).

Defendant is correct that courts have interpreted the plain language of § 1692g(a) to require only that a debt collector send the notice to the consumer, and

11

that it does not require that a debt collector ensure that the debtor has actually received the notice. *See Zamos v. Asset Acceptance, LLC*, 423 F. Supp. 2d 777, 785 (N.D. Ohio 2006) quoting *Mahon v. Credit Bureau*, 171 F.3d 1197, 1201 (9th Cir. 1999). However, Defendant has not presented the Court with any evidence indicating that it sent the requisite notice to Plaintiff. Indeed, it would be improper for Defendant to present such evidence as part of a Rule 12(b)(6) motion to dismiss, as the Court is required to accept all of Plaintiff's well-pleaded allegations as true when assessing such a motion. Rather, Defendant may present evidence that it actually sent the requisite notice to Plaintiff as part of a Rule 56 summary judgment motion. Thus, at this preliminary stage of the litigation, the Court finds that Plaintiff has pleaded a set of facts which supports a plausible claim under § 1692g, and Defendant's motion to dismiss this claim is denied.

### C. **Plaintiff Must File An Amended Complaint**

As stated above, Plaintiff's Complaint – but only when read in conjunction with her response to Defendant's motion to dismiss – sets forth plausible causes of action under the FDCPA and the MOC. On its own, however, Plaintiff's Complaint is woefully deficient. The Court is cognizant that Fed. R. Civ. Proc. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," but the purpose of such statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Plaintiff's Complaint does not give Defendant "fair notice" of her claims.

Although Plaintiff's response brief sheds considerable light on her claims, the Complaint itself is completely silent as to which particular sections of the FDCPA and the MOC that Defendant allegedly violated. The Court therefore orders Plaintiff to file an Amended Complaint within **fourteen (14) days** of the date of this Order. Plaintiff's Amended Complaint must set forth Plaintiff's claims for relief more definitively by joining each relevant factual allegation, or set of allegations, to a specific claim referencing a particular section of the statute which is alleged to have been violated. Furthermore, Plaintiff's attorneys (who appear to specialize in debt collection matters – http://www.creditor-law.com) are cautioned to prepare pleadings in the future with greater specificity.

The Court in this case has taken notice of the specific statutory claims that are only identified in Plaintiff's response brief, in order to cure the defects in the Complaint. By drafting a Complaint consisting of a string of facts divorced from any specific allegations under relevant statutory provisions, however, Plaintiff's counsel has run a very high risk that a court could conclude that, standing alone, the Complaint failed to allege a plausible ground for relief. Indeed, careful draftsmanship might have avoided this entire exercise, if Plaintiff's counsel had simply stated in the original Complaint which particular provisions of the FDCPA and the MOC Defendant allegedly violated. Plaintiff is therefore ordered to do so now.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant's motion to dismiss is **DENIED IN PART** and **GRANTED IN PART.** Specifically, Defendant's motion is **DENIED** with respect to Plaintiff's claims under the FDCPA and the MOC, but is **GRANTED** with respect to Plaintiff's claim under the MCPA (which Plaintiff stipulated to dismiss).

**IT IS FURTHER ORDERED** that Plaintiff file an Amended Complaint within **fourteen (14) days** of the date of this Order. Plaintiff's Amended Complaint should omit her claim under the MCPA, and more definitively state which sections of the FDCPA and the MOC that Defendant allegedly violated, and which facts support such alleged violations.

**SO ORDERED.**

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: April 12, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 12, 2013, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>
Case Manager